IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Robert Earl Jones, | ) | C/A No.: 8:13-375-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Robert Earl Jones, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security denying his claim for disability insurance benefits ("DIB") under the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th

1

Cir. 1972). As noted by Judge Sobeloff in *Flack v.Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Plaintiff applied for DIB on July 23, 2009, alleging disability since December 3, 2007 due to back and knee problems, anxiety, depression, diabetes, and alcohol dependency. Plaintiff's claims were denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on July 29, 2011. The ALJ thereafter denied plaintiff's claims in a decision issued August 25, 2011. The Appeals Council denied the plaintiff's request for review. The ALJ's findings became the final decision of the Commissioner of Social Security. Plaintiff then appealed to the federal district court.

The claimant was 43 years old on the alleged onset date. He has a high school degree and has taken college courses over a four-year period studying business but has not obtained a degree. He was honorably discharged from the U.S. Army as a staff sergeant, E-6, after fifteen years of active duty. His past work experience includes employment as a letter carrier, dental assistant/administrator, supply technician, stock clerk, shipping and receiving clerk, and route driver.

Under the Social Security Act, the plaintiff's eligibility for the benefits she is seeking hinges on whether he "is under a disability." 42 U.S.C. § 423(a)(1)(D). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months . . . " *Id*. at § 423(d)(1)(A). The burden is on the claimant to establish such disability. *Preston v. Heckler*, 769 F.2d 988, 990 n.\* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the individual's (1) "residual functional capacity," *id*. at § 404.1561; (2) age, *id*. at § 404.1563; (3) education, *id*. at § 404.1564; (4) work experience, *id*. at § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id*. at § 404.1561. If the assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id*. at § 404.1561. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether she suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents her from returning to her previous work, and (5) whether the impairment prevents him from

performing some other available work.

      The ALJ made the following findings in this case:

      1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.
      2. The claimant has not engaged in substantial gainful activity since December 3, 2007, the alleged onset date (20 CFR 404.1571 *et. seq.*).
      3. The claimant has the following severe impairments: diabetes with diabetic neuropathy, degenerative disc disease to the lumbar spine, degenerative joint disease, osteoarhritis, adjustment disorder with depression and anxiety and alcohol dependency (20 CFR 404.1520 (c)).
      4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
      5. After careful consideration of the entire record, I find that, through the date last insured, the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that he cannot lift or carry more than 10 pounds occasionally and less than 10 pounds frequently; he cannot stand and/or walk for more than 2 hours in an 8 hour workday; he can only occasionally stoop, twist, balance, crouch, kneel, and climb stairs or ramps; he cannot crawl or climb ladders or scaffolds; he is limited to simple routine and repetitive tasks in an environment that does not involve contact with the general public or working in close proximity with coworkers; and he must use a cane, crutches, or rolling walker when ambulating.
      6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).
      7. The claimant was born on December 21, 1963 and was 43 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date (20 CFR 404.1563).
      8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).
      9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
      10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers

> in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).
> 11. The claimant has not been under a disability, as defined in the Social Security Act, at any time from December 3, 2007, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 20-33).

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States Magistrate Judge. On July 14, 2014, Magistrate Judge Jacquelyn D. Austin filed a report and recommendation ("R&R") suggesting that the action should be affirmed. The plaintiff timely filed objections to the R&R on July 31, 2014. The defendant filed a Reply on August 11, 2014.

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005).

In his objections to the R&R, the plaintiff asserts that the magistrate judge erred in finding

that the ALJ properly determined his RFC.  He asserts that the ALJ failed to consider his inability to carry items while ambulating with an assistive device, his limited ability to sit for long periods of time, and his inability to stoop. He further asserts that the ALJ should have clarified the type of assistive device that he needs.  In addition, he asserts that the ALJ failed to properly assess his credibility and that the hypothetical question to the VE differs from the RFC assessment.

**Evaluation of RFC**

Plaintiff cites SSR 96-9p and asserts that the ALJ does not specify whether Jones has the ability to lift or carry while using an assistive device.  He asserts that the ALJ's finding that Jones must use "a cane, crutches, or a rolling walker" is not sufficiently specific to determine whether he is capable of performing a significant range of sedentary work.  He additionally asserts that his ability to sit for two hours at the hearing "is not indicative of his ability to perform sustained seating that a sedentary job would require."  (ECF No. 24, p. 3) Finally, he asserts that the Magistrate Judge failed to address his argument regarding his inability to stoop.

The Court agrees with the analysis by the Magistrate Judge that, while the ALJ did not find that the use of an assistive device was medically required, the ALJ included the use of an assistive device in the RFC.  As noted by the Magistrate Judge, a review of the record does not support the additional limitations suggested by the claimant. The RFC determination by the ALJ was supported by substantial evidence.  *See* discussion at pp. 28-30 of the R&R, ECF No. 23.

**Credibility**

Plaintiff contends that the ALJ failed to make clear findings as to whether the claimant has conditions that could cause the alleged pain and that the determination that Jones' impairments could only cause "some" of the alleged symptoms is ambiguous.  He asserts that the ALJ

6

improperly found that he failed to take prescribed medications, when he actually took Lexapro for his depression and anxiety.  However, as the Magistrate noted, substantial evidence supports the finding by the ALJ that Jones declined to take medications and participated in counseling instead and that the medical records tended to show that conservative treatment was somewhat successful. (ECF No. 23, pp. 22-23) Plaintiff also contends that the ALJ should not have considered his ability to attend college classes in his credibility findings.  Again, the Court agrees with the Magistrate Judge that the ALJ did not err in considering that the claimant attended college and made good grades in questioning his credibility as to his alleged disability.  *See* ECF No. 23, pp. 23-24.  The ALJ's credibility findings were sufficiently clear and were supported by substantial evidence.

**Hypothetical Question to VE**

Plaintiff contends that the ALJ's hypothetical question to the VE differed from the RFC. The Court finds that this argument lacks merit.  Hypothetical question 2A is consistent with the RFC.

Plaintiff also asserts that the ALJ did not address his argument that ambulation is required for  sedentary, unskilled  work as defined in the DOT and also that SSR 00-4p requires that, where a non-exertional restriction exists such as the need for assistive devices to ambulate, the VE must testify that the occupations could be performed despite the claimant's limitations.  The VE testified that there are 22 to 25 occupational titles that are unskilled sedentary work.  He further stated that some of those "would be as enduring sedentary work, (where) the individual needs to be able to sit approximately six hours out of an eight-hour day.  Ambulation would not necessarily be a factor in that regard."  (Tr. 88) In other words, the jobs to which the VE referred did not involve significant walking, so the assistive device would not be an issue.

The findings by the Commissioner are supported by the substantial evidence of record and are not controlled by an error of law.

## Conclusion

For the foregoing reasons, all objections are overruled and the report and recommendation of the magistrate judge is incorporated herein by reference. The Commissioner's decision is affirmed.

**IT IS SO ORDERED**.

> s/R. Bryan Harwell
> R. Bryan Harwell
> United States District Judge

August 28, 2014
Florence, South Carolina